# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GAGE ANDRE DAVIS II,<br><br>　　　　　Defendant. | 8:18CR293<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's correspondence, construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 68.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

The Defendant and his co-defendant, Christopher Charles Heinz, were charged in a 15-count Indictment with a variety of offenses related to social security fraud. The Defendant pled guilty to Counts VIII, IX, XIV, and XV of the Indictment and was sentenced on August 26, 2019, to terms of six months on Counts VIII and XIV, to run concurrently, and 24 months on Counts IX and XV, each, to run consecutive to each other and to the terms on Counts VIII and XIV, for a total of 54 months custody, followed by concurrent

terms of supervised release totaling three years. The Defendant asserts that his co-defendant was more culpable and had a more serious criminal history, yet received a sentence of only 33 months, warranting a reduction in the Defendant's term of incarceration.

The record clearly shows the co-defendant, Christopher Charles Heinz, pled guilty to Counts II, III, VI, and VII of the Indictment and was sentenced on November 25, 2019, to terms of eight months on Counts II and VI, to run concurrently, and 24 months on Counts III and VII, to run consecutive to each other and to the terms on Counts II and VI, for a total of 56 months incarceration, followed by concurrent terms of supervised release totaling three years.

## DISCUSSION

This is the Defendant's first motion under § 2255, and it was timely filed.

"A § 2255 petitioner is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief.'" *Dat v. United States*, 920 F.3d 1192, 1193–94 (8th Cir. 2019) (quoting 28 U.S.C. § 2255(b)). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Id.* at 1194 (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

The Court has completed its initial review of the Defendant's Motion and concludes that the files and records of the case conclusively show that the Defendant is entitled to no relief. Even if the Defendant's co-defendant had received a shorter sentence than that imposed on the Defendant, that circumstance would provide the Defendant with no

2

grounds for relief. Here, even the Defendant's factual assumptions are clearly refuted by the record, and his Motion will be denied.

A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant has made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. The Defendant's correspondence construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 68, is denied;

2. No certificate of appealability will be issued;

3. A separate Judgment will be Entered; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 29th day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge