# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>GAGE DAVIS,<br><br>　　　　　　　　　Defendant. | 8:18CR293<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's letter, filed as a Motion for Appointment of Counsel, ECF No. 72.

The Defendant states that more than thirty days have elapsed since his submission of a request for compassionate release to the Warden of his facility, and he now seeks appointment of counsel to assist him. The Court infers that the Defendant wants to pursue a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>  (i) extraordinary and compelling reasons warrant such a reduction;
>  . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Defendant has provided no information regarding any "extraordinary and compelling reasons" that might support a reduction in his sentence under § 3582(c)(1)(A). Without more information regarding the basis for the Defendant's request for compassionate release, the Court cannot determine whether appointment of counsel is warranted.

IT IS ORDERED:

1. The Defendant's letter, filed as a Motion for Appointment of Counsel, ECF No. 72, is denied without prejudice; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 10th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge