IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiffs,<br><br>   vs.<br><br>GAGE ANDRE DAVIS II,<br><br>                Defendant. | 8:18-CR-293<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on Defendant's Emergency Motion for Order Reducing Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 79. Defendant's Motion will be denied.

      On June 3, 2019, Defendant pled guilty to two counts of unlawful use of a social security number in violation of 42 U.S.C. § 408(a)(7)(B), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). *See* Filing 54 and Filing 55. In the Plea Agreement, Defendant admitted to participating in a large-scale identity-theft scheme. Filing 44 at 2-3. The Court sentenced Defendant to six months on each count of unlawful use of a social security number, to be served concurrently. Filing 55 at 2. Defendant was sentenced to two years on each count of aggravated identity theft, with each two-year sentence to be served consecutive to each other and to the six-month sentences. Filing 55 at 2. Defendant's total sentence was fifty-four months' incarceration with three months of supervised release. Filing 55.

      In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

is earlier." Defendant's evidence shows he submitted a request for compassionate release to his warden on July 6, 2020, which was denied on July 24, 2020. Filing 79-2 at 21. Because 30 days have lapsed since Defendant submitted his request, the Court is satisfied that he has exhausted his administrative remedies.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Accepting all Defendant's factual allegations as true, the Court concludes that he has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. Defendant's argument focuses on the generalized presence of COVID-19 in his facility. He has not presented any allegation or medical support that he personally is at a greater risk. Such generalized concerns are insufficient to show extraordinary and compelling reasons for release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently

justify compassionate release."); *United States v. Melgarejo,* No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Moreover, although the Court is sympathetic to the health issues of Defendant's family members and fiancée, his evidence does not show that he is their only available caregiver, nor does he identify any other compelling reason that he must be released to care for them.

Further, the Court has reviewed the record and concludes that a reduction of his sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[1] When considering these factors, a defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for" compassionate release. *See United States v. Saldana,* No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). While Defendant's efforts at post-conviction rehabilitation are commendable, they do not overcome the other § 3553(a) factors that weigh against release. Defendant admitted to participating in a significant identity-theft operation and he has served just under half of his sentence. The Court concludes that the relevant § 3553(a) factors and surrounding circumstances weigh against release.

---

[1] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

3

IT IS ORDERED:

1. Defendant's Emergency Motion for Order Reducing Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Filing 79, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 31st day of March, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge